**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| MARCO ANTONIO CUESTA,<br><br>                    Plaintiff,<br><br>        - vs. -<br><br>VIPRI CORPORATION d/b/a Cacio E Vino, and GIUSTO PRIOLA,<br><br>            Defendants | Case No. _____<br><br>**COMPLAINT** |

Plaintiff Marco Antonio Cuesta, by and through his undersigned attorneys, for his complaint against defendants VIPRI CORPORATION d/b/a Cacio E Vino, and Giusto Priola (collectively hereinafter, the "defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff Marco Antonio Cuesta, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges

that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.   Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Marco Antonio Cuesta, is an adult individual residing in the Bronx, New York.

4.   Mr. Cuesta consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent will be filed forthwith.

5.    Defendant VIPRI CORPORATION d/b/a Cacio E Vino, is a domestic business corporation organized under the law of the State of New York (hereinafter referred to as "Cacio E Vino") with a registered principal place of business at 1001 Clove Road, Staten Island, New York, 10301.

6.    Defendant Giusto Priola owns and operates several restaurants in the New York City area, including Cacio E Vino, which was located at 80 Second Avenue, New York, New York at all times relevant.

7.    At all relevant times, defendant Cacio E Vino was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.    At all relevant times, defendant Cacio E Vino was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.    Upon information and belief, at all relevant times, defendant Cacio E Vino, had gross revenues in excess of $500,000.00.

10.    Upon information and belief, at all relevant times herein, defendant Cacio E Vino has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11.   Defendant Giusto Priola, at times relevant, was an owner or part owner and principal of Cacio E Vino, who has had the power to hire and fire employees, set wages and schedules, and maintain their records.

12.   At all relevant times, Defendant Priola was involved in the day-to-day operations of Cacio E Vino and played an active role in managing the business.

13.   At all times relevant, the defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

**FACTS**

16.   At all relevant times herein, the defendants owned and operated Cacio E Vino, a restaurant located at 80 Second Avenue, New York, New York.

17.   Plaintiff Marco Antonio Cuesta was employed at Cacio E Vino as a bus boy, from approximately May 2020 through March 2024, when the restaurant closed.

18.   After closing the Cacio E Vino restaurant, defendant Priola opened a new restaurant, Cacio E Pepe, located at 182 Second Avenue, New York, New York.

19.   Mr. Cuesta's work for Defendants was performed in the normal course of the defendants' business, was integrated into the business of the defendants, and did not involve executive or administrative responsibilities.

20.   At all relevant times herein, Mr. Cuesta was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

21.   From May 2020 through November 2023, Mr. Cuesta worked a regular schedule six days per week, from 4:00 p.m. until 11:30 p.m. on Monday, Tuesday, Thursday and Friday and 10:00 a.m. until 11:30 p.m. on Saturday and Sunday, with Wednesday off.

22.  As a result, he was working approximately 57 hours per week during that period of his employment by the defendant.

23.  From September 2023 through March 2024, Mr. Cuesta worked from 10:00 a.m. until 1:30 a.m. on Saturday, and 10 a.m. to 4:00 p.m. on Sunday, with Weekdays off.

24.  As a result, he was working approximately 21.5 hours per week during that period of his employment by the defendant.

25.  Mr. Cuesta was paid in cash tips weekly at the rate of $600-800 per week throughout his employment by the defendants.

26.  The plaintiff received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

27.  As a result, Plaintiff's effective rates of pay was below the statutory New York City minimum wage in effect at relevant times.

28.  Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

29.  Plaintiff has been paid in cash throughout his employment by the defendants and received no paystubs or wage statements of any sort with his pay.

30.  In addition, the defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

31.  Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he each worked was willful, and lacked a good faith basis.

32.  Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

33.  Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain the plaintiff's signature acknowledging the same, upon the plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

34.   Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

35.   Upon information and belief, while the defendants employed the plaintiff the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, including Plaintiff.

36.   Upon information and belief, while the defendants employed Plaintiff, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

37.   Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

38.   At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

39.   Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

40.    Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

41.    Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT II**

**(Fair Labor Standards Act – Overtime)**

42.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43.    At all relevant times, the defendants employed Plaintiff within the meaning of the FLSA.

44.    At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

45.    As a result of the defendants' willful failure to compensate their employees, including Plaintiff, at a rate at least one-and-one-half times the regular rate of pay for work

performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

46. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

47. Due to the defendants' FLSA violations, Plaintiff is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

48. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour

worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

51. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

52. Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

53. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten

hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

56.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

57.  Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

58.  Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.  At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.  Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the

Wage Theft Prevention Act when he was hired, or at any time thereafter.

61.  Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

62.  Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the defendants statutory damages of $250 per day, for each day by the defendant of his employment by the defendants, up to the maximum statutory damages.

63.  Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the defendants statutory damages of $50 per day for each day of his employment by the defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

13

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

e.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for the defendants' New York Labor Law violations;

14

h. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further relief as this Court deems just and proper.


Dated: September 18, 2024

                    /s/ Michael Samuel
                    Michael Samuel (MS 7997)
                    THE SAMUEL LAW FIRM
                    1441 Broadway
                    Suite 6085
                    New York, New York 10018
                    (212) 563-9884
                    Attorneys for Plaintiff